OPINION
¶ 1} Plaintiff-appellant Suellen Phillips appeals the decision of the Stark County Court of Common Pleas granting defendants-appellees' motion for summary judgment. Defendants-appellees are Spitzer Chevrolet Company, Provident Auto Leasing Company, Sarah J. Stack, David Miller, and Kevin Spitzer.
 STATEMENT OF FACTS AND LAW ¶ 2} On May 26, 2001, appellant's husband, David Phillips, met with appellee David Miller to discuss the purchase of a new Monte Carlo. After determining that the purchase of the vehicle was cost prohibitive, a lease agreement was discussed. Phillips indicated that he was willing to pay approximately $320.00 per month to lease the Monte Carlo. Phillips left the dealership and returned later the same day with appellant.
¶ 3} Appellant liked the car, and the parties agreed to draw up the lease agreement. While appellant met with the finance and service manager, appellee Sarah J. Stack, Phillips reviewed the Monte Carlo owner's manual with salesman Scott DeMatteis, and the two took the Monte Carlo to a nearby gas station to fill the gas tank. During this time, appellant discussed the lease agreement with Stack. Phillips had indicated that he did not want any "extras" with the lease, and appellant reiterated that sentiment to Stack. Stack prepared the lease agreement (lease #1), which included a theft insurance option called Etchguard. The monthly payments under lease #1 were $330.23 per month. Upon his return from the gas station, Phillips informed Stack that he did not want the Etchguard option. Stack told Phillips that the cost for Etchguard was included in the lease price, but that if he didn't want the option, "that was fine." Appellant nonetheless signed lease #1, and she and Phillips drove the vehicle home. As they were leaving the dealership Phillips asked DeMatteis about the Etchguard product, and was told by DeMatteis "don't worry about it, it's only a few bucks a month."
¶ 4} Appellant and Phillips thought about the Etchguard option over the weekend, and Phillips called the dealership the following Monday to inquire about the cost for the option. Phillips became upset when he was told that the total cost of the option was $389.00, and spoke with appellee Kevin Spitzer on Tuesday. Spitzer drew up a new lease agreement (lease #2) that did not include the Etchguard option in an effort to satisfy Phillips. The monthly payment under lease #2 was $320.00 per month. Phillips picked up lease #2 from the dealership, took it home for appellant to sign, and returned it to the dealership. Lease #1 was never processed to Provident, the auto lease financing company, and appellant made no payments under lease #1. Appellant made all monthly payments in accordance with lease #2.
¶ 5} On February 2, 2005, appellant filed a complaint in the Stark County Court of Common Pleas against the appellees in which she alleged fraud and breach of contract relative to lease #1, and prayed for $500,000.00 in compensatory damages and $500,000.00 in punitive damages. Appellees filed a motion to dismiss, which the trial court denied. Thereafter, appellees filed a motion for summary judgment, which the trial court granted.
¶ 6} Appellant appeals the decision of the trial court granting appellees' motion for summary judgment, and sets forth the following assignment of error:
¶ 7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT."
¶ 8} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part: "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
¶ 9} This appeal shall be considered in accordance with the aforementioned rule.
¶ 10} In her sole assignment of error, appellant claims that the trial court erred and abused its discretion when it granted appellees' motion for summary judgment. We disagree.
¶ 11} The standard of review in cases involving summary judgment is not, as intimated by appellant, abuse of discretion, but rather, de novo. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
¶ 12} "Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial." Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, 674 N.E.2d 1164, citing Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.
¶ 13} It is pursuant to this standard that we review appellant's assignment of error.
¶ 14} The Ohio Supreme Court set forth the elements of fraud in the case of Russ v. TRW, Inc (1991), 59 Ohio St.3d 42, 49,570 N.E.2d 1076:
¶ 15} "A claim of common-law fraud requires proof of the following elements: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. Burrv. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus; Cohen v.Lamko, Inc. (1984), 10 Ohio St.3d 167, 169, 10 OBR 500, 502,462 N.E.2d 407, 409."
¶ 16} This court set forth the elements of breach of contract in the case of Moore v. Daw (Dec. 2, 2000), 5th Dist. Nos. CT-2000-0014 and CT-2000-0017, appeal not allowed, (2001),91 Ohio St.3d 1509, 746 N.E.2d 612:
¶ 17} "The elements of a breach of contract claim are summarized as follows: `[A] breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach.' Garofalo v. ChicagoTitle Ins. Co. (1995), 104 Ohio App.3d 95, 108." Id. at *4.
¶ 18} Both causes of action require proof of damages. The appellant failed to set forth specific evidence of the type listed in Rule 56(C) which demonstrated that a genuine issue of material fact existed with regard to whether she suffered damages. Phillips testified on deposition that no economic damages were suffered as a result of the appellees' alleged fraud and alleged breach of contract. Phillips testified further on deposition that he went to the dealership to retrieve the second lease, took it home for appellant to sign, and returned it to the dealership. Appellant submitted an affidavit in her brief in opposition to appellees' motion for summary judgment in which she stated that her damages were that an extra trip had to be made to the dealership in order to sign lease #2, and that in order to sign lease #2 she was required to take time away from her employment. This argument, however, is flawed. First, Phillips testified that it was he, and not appellant, who drove to the dealership to retrieve lease #2. This fact is uncontroverted. Phillips is not a party herein. Second, appellant provided no documentation as required by Rule 56(C) regarding the alleged time away from her employment. Third, as the trial court correctly pointed out, the appellant cannot submit an affidavit that is in conflict with prior sworn testimony in order to create a question of fact. See, generally, Zanesville Truck Center Ltd.v. Burech Crow, Muskingum App. No. CT2004-0002,2004-Ohio-6278. Appellant has thus failed to come forward "with specific facts demonstrating there is a genuine issue of material fact for trial" regarding damages and her assignment of error is, therefore, without merit.
¶ 19} It is axiomatic that failure to prove one element of a cause of action is fatal to a party's claim. As stated by this Court in the case of Carroll v. Stebelton (May 13, 1996), 5th Dist. No. 95CA0059, dismissed, appeal not allowed, (1996), 77 Ohio St.3d 1469, 673 N.E.2d 135, ". . . appellant must come forward with evidence on each element. We conclude from the above, appellant failed to demonstrate damages flowing from the alleged malpractice . . . failure to prove damages is fatal to this claim." Id. At *4. See, also, Marasco v. Hopewell,
Franklin App. No 03AP-1081, 2004-Ohio-6715, appeal not allowed,105 Ohio St.3d 1544, 2005-Ohio-2188, 827 N.E.2d 327, ("failure to prove any one of these elements [of fraud] is fatal to a plaintiff's case"). Since the appellant's causes of action fail due to her failure to come forward with evidence regarding damages, it is not necessary to determine whether a genuine issue of material fact exists with regard to the remaining elements of her claims.
¶ 20} Appellant's sole assignment of error is overruled, and the decision of the Stark County Court of Common Pleas is hereby affirmed.
By: Edwards, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Plaintiff-appellant.