JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Azar Baghani, appeals the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of appellee, Charter One Bank ("Charter One"). For the reasons stated herein, we affirm.
 {¶ 2} Appellant filed this action against Charter One on June 22, 2007, asserting claims for breach of contract, negligence, negligent and intentional infliction of emotional distress, and fraud. Her husband, Alireza Baghani ("Mr. Baghani"), is not a party to the action. The case stems from a 2005 home equity line of credit and a subsequent 2006 home equity line of credit. The following facts give rise to this dispute.
 {¶ 3} Appellant and Mr. Baghani obtained a joint home equity line of credit from Charter One in 2005 ("2005 equity line"). Both individuals signed the application, and both of their names appeared on the 2005 equity line checks. The 2005 equity line was secured by the marital home that was jointly owned by appellant and Mr. Baghani.
 {¶ 4} Mr. Baghani testified that the 2005 equity line was refinanced in 2006 because of a better rate. Charter One's records and evidence reflected that Mr. Baghani was the sole applicant for the 2006 home equity line of credit ("2006 equity line"). He apparently applied through a web-based application. Thereafter, Mr. Baghani and appellant went to the bank to sign the necessary papers for the refinancing.
 {¶ 5} Documents submitted by Charter One reflected that Mr. Baghani was *Page 4 
listed as the sole borrower on the 2006 home equity line of credit agreement and that he was the only person to sign as the borrower on the agreement. He was the only person to authorize the payoff and closing of the 2005 equity line.
 {¶ 6} The 2006 equity line was again secured by the marital home. Both appellant and Mr. Baghani were required to sign the security instrument, and both signed a notice of right to cancel associated therewith.
 {¶ 7} Appellant and Mr. Baghani claimed that they intended the 2006 equity line to be in both of their names. When they received the checks for the 2006 equity line, it was discovered that only Mr. Baghani's name appeared on the checks. Upon inquiring into the matter, appellant was informed by a Charter One representative that her name was not on the line of credit. Charter One provided an affidavit indicating that appellant had called to inquire about the 2006 equity line and had been informed that she could not be provided with information as she was not listed as an authorized signer of the account.
 {¶ 8} Charter One also sent Mr. Baghani a letter informing him that in order for Charter One to consider re-establishing the account in both his and appellant's names, Mr. Baghani's authorization was required. Apparently, Mr. Baghani never executed and returned the required authorization form.
 {¶ 9} In her complaint, appellant states that despite her repeated requests, her name was not added to the 2006 equity line account. As a result, she filed the instant lawsuit.
 {¶ 10} In the course of proceedings, Charter One filed a motion for summary *Page 5 
judgment. The trial court granted the motion, and appellant timely filed this appeal.
 {¶ 11} Appellant raises one assignment of error that claims the trial court erred in granting summary judgment. This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty.Community College, 150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel.Dussell v. Lakewood Police Dept, 99 Ohio St.3d 299, 300-301,2003-Ohio-3652, citing State ex rel. Duganitz v. Ohio Adult ParoleAuth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 12} Appellant's first claim is for breach of contract. She asserts that Charter One breached the agreement for the 2005 equity line when it closed the account and removed her name from the new account without her permission.
 {¶ 13} "A breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." All Star LandTitle Agency, Inc. v. Surewin Inv., Inc., Cuyahoga App. No. 87569,2006-Ohio-5729, quoting Phillips v. Spitzer Chevrolet Co., Stark App. No. CA00002, 2006-Ohio-4701. *Page 6 
 {¶ 14} Charter One provided evidence that Mr. Baghani authorized the payoff and closure of the 2005 equity line. There is nothing in the record to indicate that the account could not be paid off and closed by either one of the account holders. Further, there is nothing to support appellant's contention that her consent was required to close the account upon being paid off by one of the account holders. Accordingly, there is no evidence of a breach of the 2005 equity line. The record also reflects that appellant never entered a contract with Charter One for the 2006 equity line. Therefore, no contract existed upon which she could assert a breach of contract claim with respect to the 2006 equity line. Accordingly, we find Charter One was entitled to summary judgment on the breach of contract claim.
 {¶ 15} Appellant's second claim is for negligence/gross negligence. Appellant asserts in her complaint that Charter One was negligent by not including her name on the 2006 equity line. Appellant further asserts in her brief that, because of their past dealings, Charter One owed her a fiduciary duty to inform her of her husband's 2006 application and that she would not be on the 2006 equity line.
 {¶ 16} In order to state a valid claim in negligence against appellee, appellant was required to demonstrate (1) a duty owed to appellant by appellee; (2) a breach of that duty; (3) an injury; and (4) the breach of the duty was the proximate cause of the injury. Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573. Reviewing the evidence, reasonable minds could not conclude that Charter One was negligent in handling the establishment of the 2006 equity line.
 {¶ 17} The evidence in this case reflected that appellant and Mr. Baghani have *Page 7 
many bank accounts, some are joint and some are individual. Appellant and Mr. Baghani both completed the application for the 2005 equity line that was secured by their marital home. Unlike the 2005 equity line, Mr. Baghani was listed as the sole applicant for the 2006 equity line. Although both appellant and Mr. Baghani went to the bank to complete necessary paperwork, Mr. Baghani was the only borrower to sign for the 2006 equity line, while both parties signed the mortgage and the notice of right to cancel, representing the security for the equity line. Evidence was presented that appellant and Mr. Baghani were experienced, educated people. The documents in this case speak for themselves. In accordance with the documents that were completed by Mr. Baghani and appellant, Charter One established the 2006 equity line in Mr. Baghani's name only. The record fails to establish that Charter One owed or breached any duty to appellant. We also find that the record fails to demonstrate any gross negligence by Charter One.
 {¶ 18} Insofar as appellant asserts she was owed a fiduciary duty and that Charter One should have informed her that she would not be on the 2006 equity line, it is well settled that the relationship of a bank and its customer, in the absence of special circumstances, is not a fiduciary relationship, as a bank and its customer ordinarily stand at arm's length. Groob v. Keybank, 108 Ohio St.3d 348, 353, 2006-Ohio-1189. As further provided in R.C. 1109.15(E), "Unless otherwise expressly agreed to in writing, the relationship between a bank and its obligor, with respect to any extension of credit, is that of a creditor and debtor, and creates no fiduciary duty or other relationship between the parties." *Page 8 
 {¶ 19} Nothing in the record indicates that the parties engaged in anything but arm's-length negotiations. Absent a special relationship giving rise to a fiduciary duty, Charter One owed no fiduciary duty to appellant. We find Charter One was entitled to summary judgment on appellant's negligence claim.
 {¶ 20} Appellant's third claim is for negligent and intentional infliction of emotional distress. Appellant claims that Charter One's conduct in removing her from the 2006 equity line, as well as Charter One's accusation that Mr. Baghani requested her removal, caused her severe emotional distress. She asserts that Charter One's actions led to difficulty in her marriage, caused her to seek psychiatric help, led to difficulty with her sleeping, and made her irritable.
 {¶ 21} This court has previously recognized as follows: "There are two infliction of emotional distress causes of action, intentional infliction and negligent infliction. The elements of intentional infliction of emotional distress are as follows: intentionally or recklessly causing severe emotional distress through extreme and outrageous conduct. Both causes of action require that the emotional distress be severe unless it is accompanied by a contemporaneous physical injury." Hayes v. Heintz, Cuyahoga App. No. 79335, 2002-Ohio-2608 (internal citations omitted).
 {¶ 22} Upon our review, we find nothing in the record that reflects behavior so extreme as to go beyond all possible bounds of decency. Further, appellant failed to present evidence to demonstrate that the distress she suffered rose to the level of severe and debilitating. Accordingly, Charter One was entitled to summary judgment on the emotional distress claims. *Page 9 
 {¶ 23} The final claim raised by appellant was for fraud. Appellant claims that Charter One engaged in deceptive lending practices and concealed material facts from her. More specifically, she states that Charter One never disclosed to her that she was not going to be on the 2006 equity line.
 {¶ 24} In a case for fraud or fraudulent misrepresentation, the plaintiff must prove (1) a representation or, where there is a duty to disclose, concealment of fact; (2) material to the transaction; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Cohen v.Lamko (1984), 10 Ohio St.3d 167, 169.
 {¶ 25} We have already determined that Charter One had no duty to inform appellant that the 2006 equity line was being issued solely in Mr. Baghani's name. Mr. Baghani was the sole applicant for the 2006 equity line, and there is no evidence showing a misrepresentation or concealment of a material fact by Charter One. Additionally, the record is devoid of evidence establishing any compensable damages. We find that summary judgment was appropriately granted on appellant's fraud claim.
 {¶ 26} Having found that Charter One was entitled to summary judgment on each of the claims brought by appellant, we conclude that the trial court properly granted judgment in favor of Charter One. Appellant's sole assignment of error is *Page 10 
overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR *Page 1