[Cite as *Bollman v. Lavery Automotive Sales & Serv., L.L.C.*, 2019-Ohio-3879.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TODD BOLLMAN | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2019CA00025 |
| LAVERY AUTOMOTIVE SALES &<br>SERVICE, LLC, et al., | |
| Defendant-Appellee | O P I N IO N |


CHARACTER OF PROCEEDINGS:   Appeal from the Stark County Court of
                            Common Pleas, Case No. 2018 CV
                            00651


JUDGMENT:                   Affirmed in part, and Reversed and
                            Remanded in part


DATE OF JUDGMENT ENTRY:     September 24, 2019


APPEARANCES:


For Plaintiff-Appellant            For Defendant-Appellee

MICHAEL J. ELLIOTT                 ROBERT J. TSCHOLL
Scanlon & Elliott                  JENNIFER L. ARNOLD
57 S. Broadway Street, Third Floor 400 South Main Street
Akron, Ohio  44308                 North Canton, Ohio  44720

CHRISTINA BOLLMAN
The Law Office of Christina Bollman
P.O. Box 8287
Canton, Ohio  44711

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Todd Bollman appeals the January 16, 2019 Judgment Entry and February 25, 2019 Nunc Pro Tunc Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Lavery Automotive Sales & Service, LLC., et al.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellee operates a General Motors franchised dealership located in Alliance, Stark County, Ohio. Appellant commenced his employment with Appellee in January, 2005. Initially, Appellant was a commission based sales consultant. Appellant's compensation eventually became salary based with bonuses. Appellant never entered into a written employment agreement with Appellee, and he had no ability to negotiate the compensation arrangement. Appellee provided Appellant with a Bonus Chart which set forth a base salary depending on whether the sales consultant sold more or less than 15 vehicles in a month. The Bonus Chart also included the various bonus amounts earned for each additional vehicle sold beyond 10.

**{¶3}** In 2011, Appellee began participating in the Standards of Excellence Program offered by General Motors ("the SFE Program"). The SFE Program gave enrolled dealers quarterly bonus opportunities as well as rewards for sales consultants. Participation in the SFE Program required the dealer, Appellee in this case, to pay General Motors a contribution charge for each vehicle sold under the program. Sales consultants, Appellant in this case, earned $100/vehicle sold, which was paid directly to the sales consultant by General Motors. The amounts earned by Appellant under the program were above his regular salary and bonuses paid by Appellee. General Motors

provided each sales consultant participating in the SFE Program with an IRS 1099 Form. Appellant enrolled in the SFE Program as a way to make more money.

{¶4} The dealer contribution charge for each eligible vehicle was billed to and deducted each month from Appellee's open account with General Motors. Appellee discussed the SFE Program with its sales consultants and informed them it would be deducting the contribution charge from their monthly bonus compensation. Initially, the dealer compensation charge was $25/vehicle. Commencing with the 2013 Program Period, General Motors increased the dealer contribution charge from $25/vehicle to $30/vehicle. See, Official Program Rules – Consultant Performance Bonus Program attached as Exhibit 2 to Appellant's Affidavit in support of his motion for summary judgment. Appellee, however, at times deducted up to $50/vehicle from Appellant's and the other sales consultants' bonus compensation. The sales consultants expressed their displeasure with Appellee's decision to impose the deductions from their bonus compensation. Appellee advised them to find jobs elsewhere if they were not pleased with their compensation.

{¶5} Each month, Appellee would distribute its compensation calculations to each individual sales consultant, and the sales consultants had an opportunity to make any needed corrections before the amounts were submitted to the payroll office. The calculations included the deductions Appellee made for the SFE Program as well as the bonuses Appellee awarded in accordance with the Bonus Chart. Appellant left Appellee's employ on May 13, 2017.

{¶6} On March 26, 2018, Appellant filed a complaint against Appellee, asserting claims of breach of contract, violation of Ohio Prompt Payment Act, unjust enrichment,

and quantum meruit. Appellee filed a timely answer. The matter proceeded through the discovery process. Appellant moved for summary judgment on October 11, 2018. Appellee filed its own motion for summary judgment as well as a response in opposition to Appellant's motion for summary judgment on October 29, 2018. After the trial court granted him an extension of time, Appellant filed his reply in support of summary judgment and response to Appellee's motion for summary judgment.

{¶7} Via Judgment Entry filed January 16, 2019, the trial court denied Appellant's motion for summary judgment, and granted judgment in favor of Appellee on its motion for summary judgment. The trial court issued a Nunc Pro Tunc Judgment Entry on February 25, 2019, as one page was missing from the original entry.

{¶8} It is from the trial court's denial of his motion for summary judgment and grant of Appellee's motion for summary judgment Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

STANDARD OF REVIEW

{¶9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**{¶10}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

**{¶11}** It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1987). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56I which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56I to set forth specific facts showing there is a genuine issue for trial and, if the

nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

**{¶12}** In his sole assignment of error, Appellant argues the trial court erred in granting summary judgment in favor of Appellee on the three claims set forth in his Complaint.

*Breach of Contract*

**{¶13}** "[A] breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." *Phillips v. Spitzer Chevrolet Company, et al.,* Stark App. No. CA00002, 2006-Ohio-4701, at ¶ 17, citing *Garofalo v. Chicago Title Ins. Co.* (1995), 104 Ohio App.3d 95, 108

**{¶14}** "[T]here are three classes of simple contracts: express, implied in fact, and implied in law. In express contracts the assent to its terms is actually expressed in offer and acceptance. In contract implied in fact the meeting of the minds, manifested in express contracts by offer and acceptance, is shown by the surrounding circumstances which made it inferable that the contract exists as a matter of tacit understanding." *Hummel v. Hummel* (1938), 133 Ohio St. 520, 525, 11 O.O. 221, 223, 14 N.E.2d 923, 925-926.

**{¶15}** Appellant asserts Appellee breached the parties' contract through its unilateral act of deducting from his wages the per vehicle dealer contribution charge

Appellee paid to General Motors under the SFE Program. Appellant submits the evidence presented demonstrates the existence of a binding agreement between the parties regarding his wages. Appellant further contends the terms of his compensation were set forth in the Bonus Chart Appellee created; the parties' conduct reveals there was a mutual understanding of the terms and the agreement; and consideration was provided.

{¶16} Upon review of the record, we find Appellant failed to establish the existence of a binding contract between the parties. As the trial court found, Appellee "never expressly or impliedly agreed to pay [Appellant] the entire amount listed on the Bonus Chart once it implemented the SFE Program." Judgment Entry at 8. Appellee informed Appellant and the other sales associates it would deduct the per vehicle dealer contribution charge from their respective bonuses. Appellant's participation in the SFE Program was completely voluntary. He indicated he joined the program as a way to make more money.

{¶17} The Bonus Chart Appellee provided to Appellant at the commencement of his employment lacked written terms and was not signed by the parties. Further, throughout the course of his employment, Appellee offered its sales consultants other incentive programs which were not documented in writing. Appellant acknowledged compensation incentives were subject to change by Appellee. Appellant's base pay was not affected by adjustments to his bonus amounts. Although he expressed displeasure with the deduction of the per vehicle dealer contribution charge, Appellant accepted and cashed his paychecks.

**{¶18}** Because a binding agreement did not exist between the parties, we find the trial court properly granted summary judgment in favor of Appellee on Appellant's breach of contract claim.

**{¶19}** This portion of Appellant's assignment of error is overruled.

*Ohio's Prompt Pay Act - R.C. 4113.15*

**{¶20}** R.C. 4113.15(A), Ohio's Prompt Pay Act, provides:

Every employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month. If at any time of payment an employee is absent from the employee's regular place of labor and does not receive payment of wages through an authorized representative, such person shall be entitled to said payment at any time thereafter upon demand upon the proper paymaster at the place where such wages are usually paid and where such pay is due.

**{¶21}** Appellant maintains by withholding the per vehicle dealer contribution charge Appellee paid to General Motors under the SFE Program from his base salary and earned commission, Appellee was withholding "wages," in violation of R.C. 4113.15(A). We disagree.

**{¶22}** There is nothing in the record which establishes Appellant was not paid the full amount of his base salary each month throughout the course of his employment with Appellee.  The per vehicle dealer contribution charges Appellee withheld were deducted from Appellant's commission. This Court has held the definition of the word "wage" as used in R.C. 4113.15 does not include commissions, which are not guaranteed pay or reimbursement for expenses. *Haines & Co. v. Stewart* (Feb. 5, 2001)*,* Stark App. No. 2000CA00138.

**{¶23}** Because Appellee did not withhold "wages" as defined by R.C. 4113.15(A), we find it did not violate Ohio's Prompt Pay Act.

**{¶24}** Appellant further asserts he is entitled to statutory damages pursuant to R.C. 4113.15(B), which provides:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

**{¶25}** Having found, supra, Appellee did not violate Ohio's Prompt Pay Act, we find Appellant is not entitled to statutory damages pursuant to R.C. 4113.15(B).

**{¶26}** This portion of Appellant's assignment of error is overruled.

*Unjust Enrichment and Quantum Meruit*

**{¶27}** The doctrine of unjust enrichment "applies when a benefit is conferred and it would be inequitable to permit the benefitting party to retain the benefit without compensating the conferring party." *Garb–Ko, Inc. v. Benderson,* 10th Dist. No. 12AP–430, 2013–Ohio–1249, ¶ 25 (Citation omitted). The elements of an unjust enrichment claim are: (1) the plaintiff conferred a benefit on the defendant, (2) the defendant knew of the benefit, and (3) it would be unjust to allow the defendant to retain the benefit without payment to the plaintiff. *Id.* (Citation omitted).

**{¶28}** A claim for quantum meruit shares the same essential elements as a claim for unjust enrichment, and both doctrines are equitable doctrines. *Id.* at ¶ 26 (Citation omitted). The two doctrines differ, however, when calculating damages. The damages for unjust enrichment are "the amount the defendant benefited," while the damages for quantum meruit are "the measure of the value of the plaintiff's services, less any damage suffered by the other party." *Id.* (Citation omitted).

**{¶29}** The trial court found "no reasonable fact-finder could conclude that [Appellant] was not fully compensated for the work he performed." Judgment Entry at 10. We agree, but note the SFE Program was a supplemental program created by General Motors and was in addition to the salary and bonuses Appellant received from Appellee. General Motors established the SFE Program as a way to incentivize its dealers' sales consultants. The dealers did not receive any bonus monies through participation in the

program. In the case at bar, Appellant was the only beneficiary of the SFE Program. We find no error in Appellee offsetting the per vehicle dealer contribution charge it was required to pay General Motors for the Appellant's participation in the program.

{¶30} For the 2013 program year, General Motors increased Appellee's per vehicle dealer contribution charge to $30/vehicle from $25/vehicle. Rather than offset $30/vehicle from Appellant's monthly commission, Appellee offset $50/vehicle without explanation. The trial court found, "[Appellant] *alleges* [Appellee was] only being charged $30 per sale by General Motors during this time." Judgment Entry at 3. (Emphasis added). A review of the record reveals Appellant's allegation is correct. See, Affidavit of Todd Bollman, Exhibit 2. We find Appellee was unjustly enriched by deducting amounts which exceeded the per vehicle dealer contribution charge it paid to General Motors following the increase by General Motors from $25/vehicle to $30/vehicle.

{¶31} Accordingly, we reverse that portion of the trial court's decision granting summary judgment in favor of Appellee on Appellant's unjust enrichment claim, but only as to the amounts Appellee deducted which exceeded the amounts paid to General Motors. We remand the matter to the trial court for further proceedings on this narrow issue.

{¶32} Appellant's sole assignment of error is overruled in part and sustained in part.

{¶33} The judgment of the Stark County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with the law and this Opinion.


By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur