JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant Richard J. Catalano, Sr. ("Catalano") appeals the decision of the Cuyahoga County Court of Common Pleas, granting summary judgment in favor of The Plain Dealer Publishing Company ("The Plain Dealer") and denying summary judgment in favor of Catalano. For the reasons stated herein, we affirm the decision of the trial court.
 {¶ 3} Catalano owned Wilson Mills Foods, Inc. ("Wilson Mills"), which was doing business as Catalano's Stop-N-Shop. On March 22, 1999 and October 18, 2001, Wilson Mills executed two retail advertising agreements with The Plain Dealer. In conjunction with those agreements, Catalano executed personal guarantees of payment relating to the advertisements placed by Catalano's Stop-N-Shop.
 {¶ 4} On September 17, 2004, while the account was still active, Catalano filed Chapter 7 bankruptcy on behalf of Wilson Mills and Catalano's Stop-N-Shop. The Plain Dealer was not listed as a creditor in the bankruptcy case. A discharge order was issued by the bankruptcy court on May 25, 2005.
 {¶ 5} The debts related to the advertising agreements at issue were incurred after the filing of bankruptcy, in the period after October 2006. Wilson Mills incurred charges on the account that it was unable to pay, and by April 30, 2007, the balance owed was $62,961.98. *Page 4 
 {¶ 6} On September 26, 2007, The Plain Dealer filed this action to recover the balance owed under the two retail advertising agreements and the personal guarantees.
 {¶ 7} While this action was pending, on April 10, 2008, Catalano filed an amendment to his bankruptcy petition, in which he named The Plain Dealer as a creditor in the bankruptcy case. Prior to this filing, The Plain Dealer was unaware of Catalano's bankruptcy action and extended credit under the advertising agreements, which included Catalano's personal guarantee.
 {¶ 8} The Plain Dealer and Catalano filed motions for summary judgment. The Plain Dealer's motion for summary judgment was granted, while Catalano's motion for summary judgment was denied. Catalano appeals, raising two assignments of error for our review.
 {¶ 9} "I. The trial court erred in granting Appellee's motion for summary judgment as Appellant's guaranty was discharged in Appellant's Chapter 7 bankruptcy case."
 {¶ 10} "II. The trial court erred in denying Appellant's motion for summary judgment against Appellee as Appellant adequately demonstrated grounds for summary judgment against Appellee."
 {¶ 11} Catalano complains that summary judgment should not have been granted in favor of The Plain Dealer because a guarantor's discharge in bankruptcy releases the bankrupt guarantor's liability on the guarantee. Catalano argues that *Page 5 
the debt was discharged even though it was acquired after the discharge order and was not listed or scheduled under 11 U.S.C. § 521(1).
 {¶ 12} The Plain Dealer asserts that the debt was not discharged because it was not listed and because The Plain Dealer was not notified of Catalano's bankruptcy until after The Plain Dealer filed its complaint against Catalano in common pleas court. The Plain Dealer argues that summary judgment was properly granted against Catalano for the moneys owed.
 {¶ 13} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Community College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Dept.,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel. Duganitzv. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 14} Here, the trial court granted summary judgment in favor of The Plain Dealer and against Catalano. Also, the court denied Catalano's motion for summary judgment, stating that the "[d]efendant did not demonstrate to the court that the debt was discharged by the bankruptcy case." *Page 6 
 {¶ 15} "A breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." All Star LandTitle Agency, Inc. v. Surewin Inv., Inc., Cuyahoga App. No. 87569,2006-Ohio-5729, citing Phillips v. Spitzer Chevrolet Co., Stark App. No. CA00002, 2006-Ohio-4701.
 {¶ 16} A personal guarantee is construed by courts in the same manner as a contract. G.F. Equip., Inc. v. Liston (1982), 7 Ohio App.3d 223,224.
 {¶ 17} Here, Catalano entered into two retail advertising agreements with The Plain Dealer. Also, Catalano signed a personal guarantee provision, which stated the following:
 "To induce The Plain Dealer to accept the above contract, I assume personal and individual responsibility and liability for payment under the contract, and I personally guarantee the complete performance by Advertiser of all obligations and prompt payment of all bills thereunder."
 {¶ 18} Catalano incurred charges on the account and failed to make payments, leaving a balance of $62,961.98 owed to The Plain Dealer. Catalano clearly breached the agreement and the personal guarantee by not paying for the advertising.
 {¶ 19} Catalano argues that this guarantee was discharged in bankruptcy. *Page 7 
 {¶ 20} In the Bankruptcy Code, a debt is defined under11 U.S.C. § 101(12) 1 as a "liability on a claim." A "claim" is defined broadly under § 101(5) to include virtually any "right to payment." A personal guarantee is within the scope of the statutory definition of a claim.Travelers Ins. Co. v. Cambridge Meridian Group (In re Erin FoodServices), 980 F.2d 792, 796 (1st Cir. 1992). Even though this agreement was only a contingent liability, it was nevertheless a "provable debt" within the meaning of 11 U.S.C. § 103(a)(8).
 {¶ 21} Nevertheless, pursuant to § 523(a)(3)(A) of the Bankruptcy Code, a debt is excepted from discharge if it was neither listed nor scheduled in the debtor's petition and the creditor did not have actual knowledge of the bankruptcy case so that the creditor could timely file a claim. 11 U.S.C. § 523(a)(3)(A).
 {¶ 22} Although Catalano filed an amendment to his bankruptcy petition on April 10, 2008, wherein he named The Plain Dealer as a creditor in the earlier bankruptcy case, this was not done until after The Plain Dealer filed its collection action. Prior to that amendment, there is nothing in the record that demonstrates Catalano listed The Plain Dealer in his initial petition or that The Plain Dealer had actual knowledge of the bankruptcy action. Appellant's exhibit "A," a journal entry dated May 24, 2005, from his motion for summary judgment, indicates that Catalano's debts were discharged under 11 U.S.C. § 727; but this order does not specify what debts were discharged, nor does it reference Wilson Mills, Catalano's Stop-N-Shop, or The Plain Dealer. Thus, there is nothing in the record before us to indicate this specific debt was discharged. *Page 8 
 {¶ 23} Civ. R. 56(E), provides the following: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
 {¶ 24} Catalano has not set forth specific facts showing that there is a genuine issue of material fact. Accordingly, summary judgment was properly granted in favor of The Plain Dealer and summary judgment in favor of Catalano was properly denied.
 {¶ 25} Catalano argues that although he forgot to list The Plain Dealer in the initial petition, this failure is not fatal to discharging the debt. Catalano asserts that because his bankruptcy case remains pending and because he amended his petition, The Plain Dealer now has actual knowledge of the bankruptcy action. Further, Catalano maintains that the distributions have not yet been made under § 726(a)(2)(C), and, as a result, The Plain Dealer can participate in those disbursements as a creditor.
 {¶ 26} We are not holding that the debt upon which Catalano was sued was not discharged in bankruptcy, or cannot still be discharged in bankruptcy; rather, we hold only that Catalano did not produce evidence of such discharge sufficient to overcome his burden for summary judgment. *Page 9 
 {¶ 27} For the reasons outlined above, we overrule both assigned errors and affirm the judgment of the trial court.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, J., and PATRICIA ANN BLACKMON, J., CONCUR. *Page 1