[Cite as *Auto Sale, L.L.C. v. Am. Auto Credit, L.L.C.*, 2015-Ohio-4763.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
#### No. 102438

---

# AUTO SALE, L.L.C.

### PLAINTIFF-APPELLEE

vs.

# AMERICAN AUTO CREDIT, L.L.C., ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-817074

**BEFORE:** Laster Mays, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 19, 2015

**ATTORNEY FOR APPELLANTS**

Jay F. Crook
Shryrock, Crook & Associates, L.L.P.
30601 Euclid Avenue
Wickliffe, Ohio 44092


**FOR APPELLEE**

Auto Sale, L.L.C.
6302 Richmond Road
Oakwood, Ohio 44146

ANITA LASTER MAYS, J.:

{¶1} Defendants-appellants American Auto Credit, L.L.C. ("American") and Olga Bitenbinder ("Bitenbinder"), a member of the American limited liability company who was sued in her individual capacity, appeal from the trial court's grant of summary judgment in favor of plaintiff-appellee Auto Sale, L.L.C. ("Auto") for breach of contract and unjust enrichment, and against appellee on appellee's counterclaim. We reverse and remand.

I.      BACKGROUND AND FACTS

{¶2} American and Auto were in a business consignment relationship whereby American would buy vehicles at auction, repair the vehicles, and sell them through American's dealership. Auto funded the purchase and repair of the vehicles, paid related fees and, upon the sale of the vehicles, American was to pay Auto the proceeds of the sale, less commission.

{¶3} In May 2013, American sold a 2012 Kia Soul ("Kia") and a Jeep ("Jeep") for which American was to pay Auto $10,400 and $950, respectively. The $10,400 check that American issued to Auto for the Kia was returned for insufficient funds. Auto filed suit November 13, 2013, against American and Bitenbinder for $11,350. The complaint set forth nine causes of action, including two counts of breach of contract, two

counts of unjust enrichment, promissory estoppel, conversion, insufficient funds, and fraud.

{¶4} American and Bitenbinder filed an answer and counterclaim conceding the business relationship but asserting it had not breached the agreement. The response further alleged that the parties had agreed for American to repair certain vehicles for a total of $22,762.77 and that Auto allegedly paid only $4,941 towards those repairs.

{¶5} Auto filed for summary judgment on the breach of contract and unjust enrichment claims for the Kia and Jeep. Auto supported its filing with an affidavit from a limited liability company member of American, Vyacheslav Mogilnitskiy ("Steve"), who was, at that point, engaged in litigation against the other American members, Olga and Alex Bitenbinder, [1] and certain third party defendants. Steve stated he had knowledge of the facts regarding the Kia and Jeep and that American owed Auto for the vehicles. Also attached to the motion was an agreed judgment entry from the other lawsuit that references the sale and payment of the Kia and Jeep. The entry lacked a judicial signature and/or certification. Auto additionally attached as evidence invoices for the vehicles.

{¶6} American and Bitenbinder responded to the motion for summary judgment but did not file a cross-motion. The affidavit of Bitenbinder, countering Steve's affidavit, including Steve's knowledge of the transactions and his role and authority with American, was attached. The affidavit disputed the validity of the invoices and

---

[1] *Mogilnitskiy v. Bitenbinder*, Cuyahoga C.P. No. CV-13-808569.

documentation proffered by Auto relating to the Kia and Jeep and stated that the insufficient check at issue in the case was signed by Steve, without authority, while litigation was pending between Steve and Bitenbinder.

{¶7} Finally, Bitenbinder denied any personal involvement that would result in piercing the corporate veil. Also attached to the response were copies of the form of invoices employed by the parties that differed from those presented by Auto.

{¶8} Auto replied that there was no dispute of fact as to the validity of the agreement between the parties and that American and Bitenbinder owed the money. Auto also argued that American and Bitenbinder's answer and counterclaim conceded the breach.

{¶9} The trial court granted summary judgment to Auto for $11,350 against American and Bitenbinder, and dismissed American and Bitenbinder's counterclaims. No opinion or explanation regarding the findings was provided.

{¶10} This appeal ensued. Auto has not filed an appellee brief in this case.

II. ASSIGNMENTS OF ERROR

{¶11} American and Bitenbinder present two assignments of error. In the first assignment of error, appellants argue that the trial court erred in finding no issue of material fact existed as to whether Auto had performed all actions required of it under the oral contract when awarding damages to plaintiff and dismissing defendants' counterclaim. The second assignment of error states that the judgment was improper as

to Bitenbinder in finding her personally liable for breach of the oral contract by American.

III.     STANDARD OF REVIEW

{¶12}  We review a trial court's entry of summary judgment de novo using the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  Summary judgment may only be granted when the following are established:  (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶13}  The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving_ party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).  "Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists." *Willow Grove, Ltd. v. Olmsted Twp.*, 8th Dist. Cuyahoga No. 101996, 2015-Ohio-2702, ¶ 14-15, citing *Dresher*.   "To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine dispute over material facts."

*Willow Grove* at ¶ 15, citing *PNC Bank, N.A. v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477.

IV.     ANALYSIS

{¶14}    We find that both assignments of error have merit.  For the purpose of judicial economy and efficiency, we present a combined response.

{¶15}    Auto filed for summary judgment solely on the breach of contract and unjust enrichment issues, the latter of which constitutes a claim in equity should the legal claim fail.

> "A breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach."

*Plain Dealer Publishing Co. v. Wilson Mills Foods, Inc*., 8th Dist. Cuyahoga No. 91985, 2009-Ohio-2042, ¶ 15, quoting *All Star Land Title Agency, Inc. v. Surewin Invest., Inc.*, 8th Dist. Cuyahoga No. 87569, 2006-Ohio-5729, citing *Phillips v. Spitzer Chevrolet Co.*, 5th Dist. Stark No. CA00002, 2006-Ohio-4701.

{¶16}    The parties agree that there is a business relationship consisting of an oral agreement governing the causes of action in this case and that there were repairs to and a sale of the Kia and Jeep.  However, the parties have introduced conflicting evidence as to the terms and conditions applicable to the transactions in issue.

{¶17}    Auto had the initial burden of supporting its position and demonstrating that no genuine issue of material fact existed.  *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d

264.  Auto supported its position with the affidavit of Steve, a member of American who was then in litigation against American and Bitenbinder.  Included as supporting evidence are eight invoices that Steve asserted represented transactions between the parties.

{¶18}   The affidavit offers that the invoices were issued by American and had all been paid by Auto.  The format of the submitted invoices lack uniformity. Invoice Nos. 101 and 102 do not match the others, and the dates do not match the numeric sequence. Invoice No. 101 for $8,167 is dated June 6, 2013, and invoice No. 102 for $15,418.88 is dated May 25, 2013.  Invoice No. 21 is dated December 14, 2012, invoice No. 22 is dated January 6, 2013, and invoice No. 58 is dated December 3, 2012.  Some of the invoices contain two signatures and dates, some have one signature, and others have no dates by the signatures.

{¶19}   American and Bitenbinder responded with an affidavit from Bitenbinder saying that Steve was not involved with the invoicing and that he lacked knowledge and authority to perform the financial tasks he attested to.  Bitenbinder also said that the documentation attached to Steve's affidavit does not accurately reflect the transactions.

{¶20}   Attached to the American and Bitenbinder submission are emails regarding a dispute between American and Auto, requesting information from Bitenbinder to Auto regarding the Kia and Jeep.  American's invoices evidencing the transaction differ from Auto's submission.  For example, invoice No. 101 is dated October 3, 2013, relates to the Jeep, and is for $4,899.97, directly contradicting invoice No. 101 submitted by Auto.

There are numerous exhibits offered relating to the vehicles in question as well as elements of the counterclaim. The submission clearly supports the existence of genuine issues of material fact.

{¶21} Not only is the evidence in direct conflict as to the breach of contract and unjust enrichment claims, there is no evidence or argument in the motion for summary judgment as to the personal liability of Bitenbinder and establishing the three-prong test required to pierce the corporate veil:

> In *Belvedere [Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993)], this court established a three-pronged test for courts to use when deciding whether to pierce the corporate veil, based on a test developed by the United States Court of Appeals for the Sixth Circuit in *Bucyrus-Erie Co. v. Gen. Prods. Corp.*, 643 F.2d 413, 418, 1981 U.S. App. LEXIS 19572 (6th Dist.). *Belvedere* at 288-289. This test focuses on the extent of the shareholder's control of the corporation and whether the shareholder misused the control so as to commit specific egregious acts that injured the plaintiff: "The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Id.* at paragraph three of the syllabus. All three prongs of the test must be met for piercing to occur.

*Dombroski v. Wellpoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 18; *State ex rel. Petro v. Pure Tech Sys.*, 8th Dist. Cuyahoga No. 101447, 2015-Ohio-1638, ¶ 42.

**{¶22}** Finally, there is the issue of the counterclaims. We find no evidence or argument in the motion for summary judgment as to the validity of the counterclaims that the trial court also summarily dismissed.

**{¶23}** We have previously held as to the purpose for summary judgment:

> Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. *It must be awarded with caution, resolving doubts and construing evidence against the moving party*, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. A successful motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Norris v. Ohio Std. Oil Co.*, 70 Ohio St.2d 1, 433 N.E.2d 615 (1982).

(Emphasis added.) *Lemmo v. House of Larose Cleveland, Inc.*, 8th Dist. Cuyahoga No. 82182, 2003-Ohio-4346, ¶ 8. The policy supporting summary judgment is not supported here. Accordingly, since genuine issues of material fact exist, we find the that the lower court erred in granting summary judgment in this case.

**{¶24}** The trial court's entry granting summary judgment to Auto and dismissing the pending counterclaims is reversed, and this case is remanded for further proceedings.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR