[Cite as *Otstot v. Owens*, 2016-Ohio-233.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | |
|---|---|
| WARREN OTSTOT, JR. : | |
| : | Appellate Case No. 2015-CA-57 |
| Plaintiff-Appellant : | |
| : | Trial Court Case No. 14-CVF-1732 |
| v. : | |
| : | (Civil Appeal from Clark County |
| TOM OWENS, et al. : | Municipal Court) |
| : | |
| Defendant-Appellee : | |
| : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of January, 2016.

. . . . . . . . . .

WARREN OTSTOT, JR., 1226 Torrence Drive, Springfield, Ohio 45503
        Plaintiff-Appellant, *pro se*

DAVID D. HERIER, Atty. Reg. No. 0068990, Geyer, Herier & Frizzell, Co., L.P.A., 451
Upper Valley Pike, Springfield, Ohio 45504
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant Warren Otstot, Jr., appeals from a judgment rendered

against him in Springfield Municipal Court, dismissing his claim for monetary damage

against defendant-appellee Tom Owens. Otstot contends that Owens owes him money, after two checks issued by Owens to Otstot were not honored, one being returned for insufficient funds, and the other being issued on a closed account. The trial court accepted Owens's version of the facts, which was that after the checks bounced, Owens took action to satisfy any debt owed to Otstot. Otstot appeals, pro se. He has not provided a transcript of the trial for us to review. Otstot filed a memorandum in response to our order to show cause why this appeal should not be dismissed based on his failure to file a brief, and we agreed to accept that memorandum as Otstot's appellate brief. In the memorandum, Otstot does not identify any assignment of error, but essentially argues that the judgment is against the manifest weight of the evidence. Based on the limited record before us, we conclude that the trial court's judgment should be affirmed.

## I. His Employer Satisfied Otstot's Claim for Unpaid Wages

{¶ 2} Without a transcript, we accept the trial court's finding of facts, stated as follows:

> Otstot seeks to recover payment for two checks written to him by defendant, one of which was returned for insufficient funds and the other as it was written on a closed account. Based on the evidence presented, the Court finds at the time relevant to Otstot's complaint, he was employed by Owens and received a weekly payment, referred to by the parties as "draws" in the amount of five hundred ($500) dollars. Owens does not dispute that check number 2875, written July 6, 2013, and made payable to Otstot in the amount of $1000.00 was returned for insufficient funds. Likewise, he does

not dispute that check number 3063, written August 31, 2013, and made payable to plaintiff in the amount of $1000.00 was returned as it was written on a closed account.

The divergence involves whether Owens made good on the checks and when Otstot was terminated from employment. Otstot contends he remained in Owens' employ until late September when he received the $2800 check. Until that time he maintains he was holding and attempting to sell, three pieces of Owens' inventory; a truck, trailer and reaper. When he cashed the check, he returned the property. Owens maintains Otstot was terminated Sept. 14, 2013. Around that time, Otstot presented Owens with defense [Ex.] 2, and demanded payment in the amount of $1968.00. The evidence establishes that the post-it on defense [Ex.] 2 was handwritten by Otstot. His itemized demand included $1335.00 for the closed account check; $39.00 gas, $50.00 gas, $20.00 gas and $504.00 in bank fees he incurred when the checks he wrote bounced after depositing the $1335.00 check. Schwen testified she reviewed the bank statement and found Otstot's account had been overdrawn prior to the deposit of the $1335.00 check and she calculated fees attributable to the returned check at $324.00, thereby reducing the $1968.00 demand to $1788.00. Owens testified in addition to satisfying the adjusted demand, the $2800 check included pay for the first two weeks of September. He indicated that additional $12 was so that the check would be a round number. He further indicated he made good the July 6th insufficient fund check shortly after the error and well

before September. Otstot did not offer an explanation as to why his September 2013 demand for payment did not include the payment for the dishonored July check.

## II. The Course of Proceedings

{¶ 3} Otstot brought this action in the Small Claims Division of Springfield Municipal Court. In his form complaint, Otstot wrote that he was seeking damages in the sum of $2,355.00 for "bad payroll checks," which were identified by check number, amount, and bank account number. After Owens was served with a copy of the complaint, he filed an answer, denying all allegations in the complaint, and asserting numerous affirmative defenses, including a defense that the debt has been satisfied.

{¶ 4} Upon motion of the defense, the matter was transferred from the Small Claims Division to the regular docket of Clark County Municipal Court, pursuant to R.C. 1925.10. The matter proceeded to trial before a magistrate, and a magistrate's decision was issued finding in favor of the defendant. Otstot filed objections upon the ground that he had consulted with the magistrate, in the magistrate's private law office, before bringing this action. After a hearing on the objections, the trial court agreed to set the matter for a new trial.

{¶ 5} At trial, all parties appeared, and the trial court heard the testimony of Otstot, Owens, and an employee of Owens, Kelly Schwen. The court admitted in evidence all exhibits offered by both parties, including the two dishonored checks, a copy of the certified check, bank statements, and Otstot's list of damages. The trial court issued a decision with findings of fact, as stated above, granting judgment in favor of Owens,

dismissing Otstot's complaint. Otstot appeals, identifying as the basis of his appeal that "Mr.Owens admitted in open court to writing several bad checks to Otstot, these exhibits were in court, but at no time did Mr. Owens or Attorney Herier introduce evidence that these checks had been paid."

### III. Burden of Proof and Standard of Review

{¶ 6}  By filing a civil action, Otstot had the burden of proving his claim by the preponderance of the evidence. "Preponderance of the evidence simply means 'evidence which is of a greater weight or more convincing than the evidence which is offered in opposition to it.' "  *In re Starks*, 2d Dist. Darke No. 1646, 2005-Ohio-1912, ¶ 15, quoting Black's Law Dictionary (6th Ed.1998) 1182.

{¶ 7} The trial judge, acting as the trier of fact, determines the weight to be given the evidence and the credibility of the witnesses. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The court of appeals has an obligation to presume that the factual findings of the trial judge, acting as the trier of fact are correct. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. "This presumption arises because the trial judge had an opportunity 'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' * * * 'A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.' " (Internal citations omitted.) *Id.*

{¶ 8}   In a civil case, an appellate court may review the record of the proceedings in the trial court to determine whether the factual findings are against the manifest weight of the evidence.   *KeyBank Natl. Assn. v. Mazer Corp.*, 2d Dist. Montgomery No. 23483, 2010-Ohio-1508, ¶ 36. The manifest-weight-of-the-evidence standard of appellate review set forth in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), applies in civil cases.   *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶17-23.   Applying that standard, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.   The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment]." *Thompkins*, at 387, quoting S*tate v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶ 9} Pursuant to App. R. 9 (B), it is the obligation of the appellant to ensure that the record of the trial court proceedings are filed with the appellate court for review. App. R. 9(B) requires the appellant to order a transcript of the trial, and include it in the appellate record, if the appellant contends that the trial court's findings or conclusion is unsupported by the evidence or is contrary to the weight of the evidence. Although both parties have presented their versions of the facts in their briefs, the record does not contain a transcript of the trial. "Absent a transcript of the hearing, we cannot speculate what the testimony was at trial and we are constrained to presume the regularity of the

proceedings below unless the limited record for our review affirmatively demonstrates error." *Plump v. Firestone Grismer Tire*, 2d Dist. Montgomery No. 23863, 2010-Ohio-6108, ¶ 13.

### IV. Otstot Has Not Demonstrated that the Judgment Is Against the Manifest Weight of the Evidence

{¶ 10}  Otstot's action to recover money damages based on checks issued by his employer that were not honored due to insufficient funds is an action based on breach of contract. "A breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach*." Auto Sale, L.L.C. v. Am. Auto Credit, L.L.C.*, 8th Dist. Cuyahoga No. 102438, 2015-Ohio-4763, ¶ 15.

{¶ 11}  To prevail on his breach of contract claim, Otstot had the burden of proving all elements of a breach of contract action, including: 1) the existence of an agreement for Owens to pay Otstot for his services; 2) that Owens failed to pay the amount owed; and 3) that Otstot suffered a monetary loss as a result of Owens's failure to pay him. Based on the trial court's findings of fact, it appears that Otstot did not meet his burden of proving all the elements of the breach of contract claim. Owens admitted that Otstot was his former employee, that he did issue two checks to Otstot in connection with his employment, and that the two checks were not honored, but the evidence does not establish that Otstot was damaged by the breach.   The trial court found Owens credible when he testified that he satisfied his obligation to Otstot when he "made good the July

6th insufficient fund check shortly after the [first] error and well before the [second] error." The trial court also found Owens credible when he testified that the certified check given to Otstot for $2800 was sufficient to satisfy the amount of the first bounced check, wages for the first two weeks of September, and Otstot's actual losses due to overdraft fees. The trial court also found the defense witness, Schwen, credible when she testified that Otstot only lost $324 dollars from overdraft fees as a direct result of the bounced checks, not the $504 Otstot claimed he lost due to overdraft fees. Although Otstot demanded more money from Owens for gas expenses, neither the gas expenses nor the overdraft fees were sought as damages in his complaint.

{¶ 12} Without a transcript, we have presumed the regularity of the trial proceedings, we have reviewed the limited record, and we find nothing therein to demonstrate error. The trial court weighed the evidence, determined the credibility of the witnesses, and concluded that Otstot did not meet his burden of proving that he suffered damages, because Owens had satisfied his obligations. Based on the limited record before us, we conclude that the trial court's judgment is not against the manifest weight of the evidence.

## V. Conclusion

{¶ 13}   The judgment of the trial court is Affirmed.

. . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Warren Otstot, Jr.
David D. Herier
Hon. Denise L. Moody