[Cite as *Mitchell v. Brownie's Indep. Transm.*, 2018-Ohio-32.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TERRANCE MITCHELL | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27563 |
| | : | |
| v. | : | Trial Court Case No. 2015-CVI-2989 |
| | : | |
| BROWNIE'S INDEPENDENT | : | (Civil Appeal from Municipal Court) |
| TRANSMISSION | : | |
| | : | |
| *Defendant-Appellant* | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of January, 2018.

. . . . . . . . . . .

TERRANCE MITCHELL, 205 West Third Street, Dayton, Ohio 45417
        Plaintiff-Appellee-Pro Se

MARIA L. RABOLD, Atty. Reg. No. 0089080, 443 East Central Avenue, Miamisburg, Ohio 45342
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Brownie's Independent Transmission ("BIT"), appeals a decision of the Dayton Municipal Court awarding judgment to plaintiff-appellee, Terrance Mitchell, following a bench trial. For the reasons outlined below, the judgment of the trial court will be reversed.

**Facts and Course of Proceedings**

{¶ 2} On July 21, 2015, Mitchell filed a pro se complaint in the small claims division of the Dayton Municipal Court alleging that BIT owed him $1,161.34 for failing to repair his 2003 Chevy Blazer. The matter proceeded to a bench trial before a magistrate on August 19, 2015. Mitchell appeared at trial and testified on his own behalf while BIT was represented by counsel.

{¶ 3} At trial, Mitchell testified that in November 2012, he drove his vehicle to BIT's automotive repair shop located on Main Street in Dayton, Ohio, because "the transmission was slipping" and his vehicle was "doing a jerk." Trial Trans. (Aug. 19, 2015), p. 3, 6. Mitchell testified that BIT performed a diagnostic inspection on his vehicle and confirmed that the transmission needed repaired. Mitchell provided an invoice to the magistrate dated November 28, 2012, that itemized the agreed-upon repairs and other costs, which totaled $1,161.34. *See* Plaintiff's Exhibit I. The invoice noted that "Brownies IT rebuilt transmission [and] rebuilt torque converter with a 6 month 6,000 mile warrant[y] if repaired at 1901 North Main Street location only." *Id.*

{¶ 4} Mitchell testified that his vehicle was stored at BIT's Dixie Drive location while he was making payments toward the repair cost. Mitchell claimed that after he made his

final payment, BIT informed him that his vehicle would not start despite BIT performing the agreed-upon repairs and installing new spark plugs. According to Mitchell, BIT told him that their best mechanic was going to look into the matter. However, shortly thereafter, BIT contacted Mitchell and explained that it could not fix anything else because the shop only worked on transmissions. Mitchell testified that he did not know whether BIT fixed the transmission on his vehicle as promised.

{¶ 5} It is undisputed that BIT returned the inoperable vehicle to Mitchell on January 12, 2013, by towing the vehicle to Mitchell's house on a flatbed truck. Mitchell testified that his vehicle has not been moved or worked on by another mechanic since its return. To establish this, Mitchell provided the magistrate with two photographs that he claimed he took the day before trial. One of the photographs depicts a green Chevy Blazer and the other depicts a speedometer. *See* Plaintiff's Exhibits II and III. Mitchell testified that the photographs show his vehicle parked at the location where BIT returned it, and the vehicle's speedometer reading, which had not changed significantly since it was dropped off at BIT on November 28, 2012.[1]

{¶ 6} Following Mitchell's testimony, BIT moved the magistrate to dismiss Mitchell's claim on grounds that it was filed outside the applicable two-year statute of limitations for claims alleging damage to personal property. The magistrate advised that he would have to research the matter and would accept additional briefs on the issue. In response, BIT indicated that it would proceed at trial with the motion to dismiss pending.

{¶ 7} In proceeding at trial, BIT did not attempt to cross-examine Mitchell or

---

[1]The speedometer reading shown in the photograph was 129,063, while the speedometer reading recorded on the November 28, 2012 invoice was 129,061.

present any of its own witnesses. Rather, BIT's attorney argued that the November 28, 2012 invoice presented by Mitchell indicated that there were other problems with the vehicle. Specifically, BIT pointed to a notation on the invoice that stated: "While [your vehicle] was here we took the opportunity of inspecting it and find that the following items need attention—Engine Codes P128 - P155 - P300 - P442 Needs [illegible] minor oil leaks [check] exhaust system." Plaintiff's Exhibit I.

{¶ 8} BIT also argued that Mitchell failed to present any evidence demonstrating that the vehicle would not start due to the transmission or torque converter not working. BIT maintained that it performed the work on those parts of the vehicle as promised and that a number of other issues could have arisen while the vehicle was being stored in wait of Mitchell's payments.

{¶ 9} BIT provided a business record to the magistrate showing that Mitchell's vehicle was returned to him on January 12, 2013, thus establishing a 46-day storage period. *See* Defendant's Exhibit I. BIT also argued that the vehicle was operable when it was driven to BIT's Dixie Drive location for storage, as BIT claimed that Mitchell would have otherwise been charged for a tow to that location.

{¶ 10} Following the bench trial, on August 24, 2015, BIT submitted a brief in support of its motion to dismiss arguing that Mitchell brought his claim past the two-year statute of limitations in R.C. 2305.10(A), which applies to product liability claims and claims alleging bodily injury and injury to personal property. Mitchell did not file a brief in opposition.

{¶ 11} On October 14, 2015, the magistrate issued a written decision overruling BIT's motion to dismiss and granting judgment in favor of Mitchell in the amount of

$1,161.34. In overruling BIT's motion to dismiss, the magistrate found that Mitchell's claim sounded in breach of contract, which, pursuant to R.C. 2305.06, has an eight-year statute of limitations. Accordingly, the magistrate concluded that Mitchell had brought his claim within the applicable limitations period.

{¶ 12} In granting judgment in favor of Mitchell, the magistrate found, based on the evidence presented at trial, that Mitchell had entered into an implied contract with BIT in which Mitchell agreed to pay BIT to fix the transmission on his vehicle. The magistrate also found that after Mitchell made his final payment to BIT, his vehicle would not start and that BIT towed the vehicle to Mitchell's house where it has remained ever since. The magistrate further found that Mitchell presented sufficient evidence demonstrating that BIT failed to fix the vehicle's transmission. The magistrate based this finding on the fact that Mitchell's vehicle was no longer operable. In light of these findings, the magistrate awarded $1,161.34 to Mitchell.

{¶ 13} On October 28, 2015, BIT filed objections to the magistrate's decision arguing that Mitchell failed to present sufficient evidence to establish his claim. Mitchell also argued that his claim was otherwise barred by the two-year statute of limitations in R.C. 2305.10(A).

{¶ 14} On February 25, 2016, the trial court issued an entry overruling BIT's objections and adopting the magistrate's decision. Thereafter, BIT filed a notice of appeal from the trial court's decision, which we subsequently held was not a final appealable order since the trial court did not separately enter its own judgment setting forth the outcome of the dispute and the remedy provided. Accordingly, we dismissed the appeal to allow for the trial court to enter a final appealable order.

{¶ 15} On April 6, 2017, the trial court entered an amended entry overruling BIT's objections to the magistrate's decision that adopted the magistrate's decision and separately entered judgment in favor of Mitchell against BIT in the amount of $1,161.34. BIT then filed a notice of appeal from that decision and submitted an appellate brief raising three assignments of error for review.

### First Assignment of Error

{¶ 16} BIT's First Assignment of Error is as follows:

THE TRIAL COURT ERRED WHEN IT FAILED TO SUSTAIN DEFENDANT'S MOTION TO DISMISS.

{¶ 17} Under its First Assignment of Error, BIT contends that the trial court should have granted its motion to dismiss because Mitchell's claim was filed beyond the two-year statute of limitations in R.C. 2305.10(A), which applies to product liability claims and actions for bodily injury or injury to personal property. Therefore, BIT is essentially challenging the trial court's finding that Mitchell's claim sounded in breach of contract and that he had an eight-year statute of limitations period.

{¶ 18} "In determining the statute of limitations applicable to an action, the court must look to the true nature or subject matter of the acts giving rise to the claim for relief." *Hammer v. Rose*, 2d Dist. Montgomery No. 15277, 1995 WL 783658, *1 (Dec. 29, 1995), citing *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 536, 629 N.E.2d 402 (1994), *superseded on other grounds* by enactment of R.C. 2305.111(C). "To properly characterize the nature of a cause of action, we must look beyond the form in which it was pleaded." *Bragg v. Gollahon*, 2d Dist. Montgomery No. 15931, 1996 WL 685571,

*3 (Nov. 29, 1996), citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984). " 'The grounds for bringing the action are the determinative factors, the form is immaterial.' " *Id.*, quoting *Hambleton* at 183.

{¶ 19} "A breach of contract is defined as the failure, without legal excuse, to perform any promise that forms a whole or part of the contract." *J & J Schlaegel, Inc. v. Union Twp. Bd. of Trustees*, 2d Dist. Champaign Nos. 2005-CA-31, 2005-CA-34, 2006-Ohio-2913, ¶ 44, citing *National City Bank of Cleveland v. Erskine & Sons*, 158 Ohio St. 450, 110 N.E.2d 598 (1953), paragraph one of syllabus. In other words, " '[a] breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach.' " *Otstot v. Owens*, 2d Dist. Clark No. 2015-CA-57, 2016-Ohio-233, ¶ 10, quoting *Auto Sale, L.L.C. v. Am. Auto Credit, L.L.C.*, 8th Dist. Cuyahoga No. 102438, 2015-Ohio-4763, ¶ 15.

{¶ 20} A trial, Mitchel testified: "[What] I'm suing for is the money that I paid to get this service done to my vehicle which is one thousand one hundred and sixty-one dollars and thirty-four cent[s]. I would like them to do what they were supposed to do and fix my vehicle * * * If they can't get it to run I would like to be paid the blue book value of the 2003 Chevy Blazer with a slipping transmission." Trial Trans. (Aug. 19, 2015), p. 6.

{¶ 21} Mitchell further testified: "They was going to fix it and everything after I was making payments. I made the payments the final one they told me it was ready but when they told me it wouldn't start so how do I know that they did anything? That's the thing I'm wondering. I drove it up there and now it don't run at all? * * * That's my problem."

*Id.* at 7.

{¶ 22} In addition, Mitchell's complaint alleged the following: "I paid for my vehicle to run, but [BIT] didn't fix anything. I drove my 2003 Blazer to [BIT] on Main St. and when [BIT] was done working on my car they couldn't get my 2003 Blazer to start." Complaint (July 21, 2015), Dayton Municipal Court Case No. 2015 CVI 2989, Docket No. 1, p. 1.

{¶ 23} Mitchell's testimony and complaint indicate that he is claiming BIT did not perform the agreed-upon repairs to his vehicle. There is no dispute that the parties agreed BIT would fix the transmission and torque converter on Mitchell's vehicle in exchange for Mitchell paying BIT $1,161.34. We therefore agree with the trial court and find that Mitchell's claim sounds in breach of contract.

{¶ 24} In so holding, we note that the trial court determined the parties entered into an implied contract, yet applied the eight-year statute of limitations for written contracts in R.C. 2305.06. This, however, amounts to harmless error because the statute of limitations for implied contracts is six years pursuant to R.C. 2305.07, and Mitchell brought his breach of contract claim within six years after the cause accrued. Because Mitchell's claim did not fall outside the applicable statute of limitations in R.C. 2305.07, the trial court did not err in overruling BIT's motion to dismiss.

{¶ 25} BIT also argues that the trial court should have granted its motion to dismiss because Mitchell failed to present sufficient evidence of his claim at trial. However, BIT's motion to dismiss only requested dismissal based on the statute of limitations. BIT never specifically moved the court to dismiss the case due to insufficient evidence, which is essentially a Civ.R. 41(B)(2) motion for directed verdict in non-jury actions. The sufficiency and weight of the evidence presented at trial will be reviewed under BIT's

Second Assignment of Error.

{¶ 26} For the foregoing reasons, BIT's First Assignment of Error is overruled.

**Second Assignment of Error**

{¶ 27} BIT's Second Assignment of Error is as follows:

JUDGMENT IN FAVOR OF THE PLAINTIFF WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 28} Under its Second Assignment of Error, BIT challenges the trial court's judgment in favor of Mitchell on the basis that it is against the manifest weight of the evidence.

{¶ 29} " '[I]n order for an appellate court to reverse a decision as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.' " *Brewer v. Dick Lavy Farms, L.L.C.*, 2016-Ohio-4577, 67 N.E.3d 196, ¶ 46 (2d Dist.), quoting *Alh Properties, P.L.L. v. Procare Automotive Serv. Solutions, L.L.C.*, 9th Dist. Summit No. 20991, 2002-Ohio-4246, ¶ 12. " '[M]anifest weight of the evidence' refers to a greater amount of credible evidence and relates to persuasion * * *." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19.

{¶ 30} "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id.* "Preponderance of the evidence simply means

'evidence which is of a greater weight or more convincing than the evidence which is offered in opposition to it.' " *In re Starks*, 2d Dist. Darke No. 1646, 2005-Ohio-1912, ¶ 15, quoting Black's Law Dictionary (6th Ed.1998) 1182.

{¶ 31} "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Eastley* at ¶ 21. When determining whether the judgment below is against the manifest weight of the evidence " ' "every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts." ' " *Id.*, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978). " ' "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." ' " *Id.*

{¶ 32} Before addressing the evidence in this case, we note that "[a] breach of contract claim requires proof of the existence of a contract, performance by the plaintiff, breach by the defendant, and resulting damage to the plaintiff." *Discover Bank v. Pierce*, 2d Dist. Montgomery No. 25755, 2014-Ohio-625, ¶ 14, citing *Sullivan v. Curry*, 2d Dist. Montgomery No. 23293, 2010-Ohio-5041, ¶ 43.

{¶ 33} According to the record, there is no dispute that the parties entered into a contract whereby Mitchell agreed to pay BIT $1,161.34 in exchange for BIT fixing the transmission and torque converter on his 2003 Chevy Blazer. There is also no dispute that between November 28, 2012 and January 12, 2013, Mitchell made payments to BIT until the full amount owed for the repairs was paid in full. Accordingly, the existence of

a contract, performance by Mitchell, and amount of alleged damages is not in dispute.

**{¶ 34}** The relevant issue, however, is whether BIT breached its promise to repair the transmission and torque converter. At trial, Mitchell failed to provide any evidence establishing that BIT did not perform the agreed-upon repairs. In fact, Mitchell specifically testified that he did not know whether BIT repaired the transmission. *See* Trial Trans. (Aug. 19, 2015), p. 6. Furthermore, Mitchell failed to provide any evidence that his vehicle was rendered inoperable as a result of the repairs performed by BIT.

**{¶ 35}** Nevertheless, in adopting the magistrate's decision, the trial court found that there was sufficient evidence showing that BIT breached its promise to fix the transmission and torque converter due to the fact that the vehicle was returned to Mitchell in an inoperable condition. The evidence, however, indicates that Mitchell's vehicle was operable even when there were issues with the transmission and torque converter, as Mitchell drove his vehicle to BIT for repairs while those parts were not functioning properly. This indicates that the operability of the vehicle does not correlate with the condition of the transmission and torque converter. As a result, the fact that the vehicle was inoperable does not necessarily mean that the transmission and torque converter were not repaired as promised and working correctly.

**{¶ 36}** Furthermore, the November 28, 2012 invoice submitted by Mitchell establishes that there were other issues with the vehicle that needed to be addressed, including problems with the engine, oil leaks and exhaust system. The evidence further establishes that the vehicle was an older model and that it was stored in BIT's Dixie Drive lot for 46 days during the winter while Mitchell was making payments. Therefore, other issues affecting the operability of Mitchell's vehicle may well have developed during that

time.

{¶ 37} Because Mitchell failed to present any evidence demonstrating that BIT did not fix the transmission and torque converter or that his vehicle was rendered inoperable as a result of the repairs performed by BIT, he failed to establish that BIT breached the contract at issue. Moreover, the weight of the evidence indicates that the vehicle could have been rendered inoperable for any number of reasons, including the issues noted on the invoice or simply due to the fact that the vehicle was an older model that had not been driven for an extended period of time.

{¶ 38} For the foregoing reasons, BIT's Second Assignment of Error is sustained.

### Third Assignment of Error

{¶ 39} BIT's Third Assignment of Error is as follows:

DEFENDANT'S COUNSEL WAS NEVER AFFORDED THE OPPORTUNITY TO CROSS EXAM PLAINTIFF.

{¶ 40} Under its Third Assignment of Error, BIT contends that the magistrate erred in failing to afford it the opportunity to cross examine Mitchell. Our ruling on BIT's Second Assignment of Error renders this issue moot. Even if this issue was not moot, the record indicates that BIT was never denied the opportunity to cross examine Mitchell, as BIT's counsel never attempted or requested to question Mitchell during trial, nor did counsel raise any objection on that matter.

{¶ 41} BIT's Third Assignment of Error is overruled.

### Conclusion

{¶ 42} Having sustained BIT's Second Assignment of Error, the judgment of the trial court awarding Mitchell $1,161.34 is reversed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Terrance Mitchell
Maria L. Rabold
Hon. Daniel G. Gehres